## Mills v. Hellam Township

*Richard P. Noll*, for plaintiff.

*Horace G. Ports*, for defendant.

SHADLE, J., May 22, 1961.—Appellant is a contract purchaser of an unimproved tract of land containing approximately 36 acres in Hellam Township. He desires to establish thereon a project he described as a modern mobile home park for from 60 to 65 mobile homes, sometimes known as house trailers. To accomplish this, he had a registered surveyor prepare a map or plan of his land, showing thereon five roads or streets leading from existing public roads. The plan indicates these roads will have a right-of-way width of 30 feet. It also shows topographic elevations showing that appellant's land and that of the western adjoining owner slopes to the northeast across the proposed roads. While the plan contains a typical vertical section of the proposed roads, it does not show the profiles thereof, nor are any drainage courses or structures shown thereon.

Apparently in pursuance of section 1140.1 of the Second Class Township Code of May 1, 1933, P. L. 103, as amended, 53 PS §66140.1, appellant presented to appellees, at one of their meetings, duplicate copies of this plan for their approval. It is indicated that a substantial number of Hellam Township citizens also attended the same meeting and expressed their opposition to appellant's project. Torn on the horns of this dilemma, appellees took no action whatever on appellant's request for approval.

Pursuant to section 1141 of the above act, as amended, 53 PS §66141, appellant thereupon appealed to this court and sought a hearing de novo, which was held. Appellees presented no testimony and agreed that the facts are as herein stated. It also was agreed that Hellam Township had no ordinances, rules or regulations whatever relating to roads and their construction, nor to mobile homes, and has no zoning ordinance. Both parties having waived argument, the matter is now before the court for disposition of the appeal.

It seems clear that appellant's plan in its present form is not qualified for approval. Section 1140.1 of the act, supra, requires that "Such plans . . . shall show the profiles of such roads, the course, structure, and capacity of any drainage facilities, and the method of drainage of the adjacent or contiguous territory, . . ." It is undisputed that such profiles and drainage methods are not shown. While it may be true, as appellant contends, that the project conforms to present natural surface water drainage, it is obvious that the proposed streets and structures would create barriers and conditions not now existing, and appellant has shown no provision for this. The illustration of a typical, but hypothetical, street cross section does not fulfill the requirement of showing actual street profiles, and these may be significant both as to construction specifications and drainage.

The act is specific and definite in its requirements. Township supervisors are not obliged to approve a road plan which does not show profiles, drainage facilities and methods of drainage: Chryst Petition, 69 D. & C. 527 (1949) ; Appeal from Upper Yoder Twp., 16 Cambria 229 (1952).

Furthermore, section 1103 of the Second Class Township Code, supra, as amended, 53 PS §66103, requires that "The width of a public road in townships of the second class shall not be less than thirty-

three feet . . ." Appellant's roads fail by three feet to meet this width requirement.

On the other hand, it would appear that approval of appellant's project by appellees is not required on the facts in this case. There being no legislation controlling land use in general or mobile homes in particular, the only fact in question in his project is the proposed new roads. Appellant was quite specific and definite in his testimony that he will not sell, but only lease, lots for mobile home units, that the roads were not designed for, nor would they be utilized by, members of the general public for access or travel, that they would be marked as private roads and not as public thoroughfares, and that only mobile home residents and tradesmen serving them would make use of the roads.

Sections 1140.1 to 1148 of the act as amended, supra, 53 PS §66140.1 to 66148, all clearly and positively relate to roads "for public use or travel." The use of a road which makes it a public one must be general use by the traveling public, and not private use by abutting lot owners and their business and social invitees, and township supervisors are not required to approve a plan for a road for only such private use: Commonwealth v. Myers, 2 D. & C. 2d 145 (1954).

Appellant runs no risk of the penalty of section 1144 of the code, as amended, supra, 53 PS §66144, if he establishes without approval roads not "for public use or travel." Likewise, appellees incur no liability or responsibility for maintenance or otherwise of either private or public roads which they have not approved: Section 1142 of the code, as amended, supra, 53 PS §66142.

Obviously, we express no opinion as to whether a mobile home park may be desirable for, or acceptable to, the particular community. We do observe that if the project is not desirable or acceptable, general zon-

ing legislation or mobile home rules and regulations, and not public road statutes, furnish appropriate solutions.

### Order

And now, May 22, 1961, the action of appellees in refusing to approve appellant's plans is hereby affirmed.